Filed 10/7/20  P. v. Ruiz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE ELIESTER RUIZ,<br><br>Defendant and Appellant. | F079408<br><br>(Super. Ct. No. MCR057023)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Lindsay Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Detjen, J. and Meehan, J.

Defendant Jose Eliester Ruiz contends on appeal that his prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).  The People concede the enhancement should be stricken.  We strike the prior prison term enhancement and affirm in all other respects.

## PROCEDURAL SUMMARY

On June 13, 2018, the Madera County District Attorney charged defendant with robbery (§ 211; count 1).  The amended information further alleged defendant had suffered two prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as prior serious felony convictions (§ 667, subd. (a)).[2]

On April 9, 2019,[3] the jury found defendant guilty on count 1.

On April 29, the trial court found true the two prior strike allegations and one prior prison term allegation.

On May 28, the trial court sentenced defendant to 25 years to life on count 1, plus a one-year prior prison term enhancement.

On May 31, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On the evening of January 27, 2017, Veronica Russell shopped at a supermarket in Madera with her infant daughter and her 12-year-old stepdaughter, Daisy.  After they exited the supermarket, defendant approached them and demanded that Russell give him

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     The original information alleged defendant had served a prior prison term for two prior robbery convictions.  The amended information alleged that the same prior robbery convictions were serious felonies for purposes of section 667, subdivision (a), but omitted the section 667.5, subdivision (b) prior prison term enhancement allegation.

[3]     All further dates refer to the year 2019 unless otherwise stated.

her purse.  Russell responded that she did not have a purse.  She only had a felt shopping bag that contained the items she purchased and her wallet.  Defendant then said, " '[g]ive me your money[,]' … yanked the whole bag away from [her], … ripping [off the straps], and took off running."

### DISCUSSION

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136.  The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b).)  (Stats. 2019, ch. 590, § 1.)  That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement for a term served for a conviction of robbery, which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The parties further agree, as do we, that because the trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary.  (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Accordingly, we strike the prior prison term enhancement and direct the trial court to amend the abstract of judgment.

**DISPOSITION**

Defendant's prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The trial court is directed to prepare an amended abstract of judgment removing the prior prison term enhancement. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.